**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FRESENIUS USA MANUFACTURING, INC.<br><br>Plaintiff,<br><br>v.<br><br>MICAH MUCH,<br><br>Defendant. | CIVIL ACTION NO. 1:26-cv-13572 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR IMPOUNDMENT OF SELECTED EXHIBITS TO DECLARATIONS OF LAUREDANT AND MELANCON**

Pursuant to Local Rule 7.2(d), Plaintiff Fresenius USA Manufacturing, Inc. ("Plaintiff") respectfully submits this Memorandum of Law in support of its Motion For Impoundment of Selected Exhibits to the Declarations of Almasa Lauredant and Brent Melancon, specifically Lauredant Declaration Exhibit B and Melancon Declaration Exhibits A, B, and E (the "Exhibits Under Impoundment").

As set forth below and in the Declarations referenced, the Exhibits Under Impoundment contain Plaintiff's confidential business information and trade secrets, including business strategy, internal PowerPoint presentations, and business plans and goals that would jeopardize Plaintiff's economic interests by providing an advantage to Plaintiff's competitors if disclosed in public judicial records. Further, Plaintiff's compelling need for maintaining the privacy of the content of the exhibits outweighs the rights of the public to open proceedings in this instance.

Plaintiff requests that the Exhibits Under Impoundment remain under Impoundment indefinitely or until further order of the Court.

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff has filed a Motion for a Temporary Restraining Order and Preliminary Injunction seeking to enforce the restrictive covenants in the Employee Confidentiality, Assignment and Protective Covenants Agreements (each an "Agreement") that it entered into with Defendant Micah (Mike) Much ("Much"), its former Vice President Supply Chain Americas, responsible for meeting quality, safety, compliance, service, management and financial objectives for the North and Latin American distribution operation and planning functions. In this role, Much oversaw distribution centers, delivery operations and supporting organizations in North America and Latin America for Fresenius Medical Care and its affiliated entities, including Plaintiff (collectively, "FME").[1] In this role, Much had access to extensive confidential information and trade secrets of FME at the executive level, not only related to supply chain but also manufacturing and other aspects of the business.

Much resigned from his position and informed FME that he was joining FME's direct competitor, Vantive US Healthcare LLC and/or its affiliated entity ("Vantive") (www.vantive.com), a global medical technology company that specializes in kidney disease and dialysis with a focus on the home market and intensive care unit market – markets in which FME competes with it.

[1] "FME" refers collectively to Plaintiff Fresenius Management Services, Inc., and its parent company Fresenius Medical Care Holdings, Inc. and any related affiliate.

## II. ARGUMENT

### A. Legal Standard

It is well-established that "a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *In re Gitto Global Corp.*, Nos. Civ.A. 05-10334-DPW, Civ.A. 05-10532-DPW, 2005 WL 1027348, at *10 (D. Mass. May 2, 2005) (citing *Brown & Williamson Tobacco Co. v. FTC,* 710 F.2d 1165, 1179-80 (6th Cir. 1983)). It is also well-established that sealing is appropriate where it is necessary to protect a party's confidential, proprietary business information and trade secrets. *Bradford & Bigelow, Inc. v. Richardson,* 109 F. Supp. 3d 445, 448 (D. Mass. 2015) (to seal filings, a party may overcome the presumption of public access by demonstrating "significant countervailing interests, like the existence of trade secrets in the documents or confidential business information."). *See also, Nixon v. Warner Comm'ns*, 435 U.S. 589, 597 (1978) ("[C]ourts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing."); *Campbell Soup Co. v. Giles*, 47 F.3d 467 (1st Cir. 1995) (plaintiff motion to impound appellate papers in trade secret misappropriation case against former employee was granted on temporary basis, until project claimed to be trade secret was publicly announced); *Reassure America Life Ins. Co. v. Isermann*, No. 07-CV-829, 2008 WL 168666, at *2 (E.D. Wis. Jan. 17, 2008) ("it appears the affidavit and attached documents contain some information that qualifies as legitimately confidential and/or proprietary . . . the court concludes that good cause exists to warrant the sealing of the affidavit and attached documents."). "[A]ny formula, pattern, device or compilation of information which is used in one's business, and which gives [the business] an opportunity to obtain an advantage over competitors who do not know or use it" can constitute trade secrets under Massachusetts law.

*Take it Away, Inc. v. The Home Depot, Inc.*, No. 05-12484-DPW, 2009 WL 458552, at * 5 (D. Mass. Feb. 6, 2009) (citation omitted).

**B. Plaintiff Should Be Permitted to File the Selected Exhibits Under Impoundment**

In order to adequately provide the necessary factual information for the Court to consider Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiff has filed declarations of executives who are familiar with Much and the confidential information that was entrusted to him. The Motion for a Temporary Restraining Order and Preliminary Injunction and accompanying submissions demonstrate that Much's employment by Vantive, in contravention of his Agreements, should be enjoined because, *inter alia,* Much had access to confidential information of FME. The Exhibits Under Impoundment necessarily contain examples of the types of confidential business information and trade secrets to which Much had access, received, and used as part of his highly-compensated position. The Exhibits Under Impoundment include business strategy, internal PowerPoint presentations, and business plans and goals. If these materials are not filed under impoundment, Plaintiff risks the serious harm of revealing confidential business information that would cause further economic damage by allowing its competitors, including Vantive, access to documents disclosing FME's strategies, plans and goals. This is precisely the type of harm courts routinely avoid by agreeing "to seal business records that might provide an advantage to competitors." *See Am. Well Corp. v. E-Dental Servs., LLC*, No. 24-CV-10517-AK, 2024 WL 1809419, at *1 (D. Mass. Apr. 25, 2024).

Plaintiff proposes to submit redacted Exhibits Under Impoundment because Much and Vantive are represented by the same law firm. Should there be a question as to the contents of these materials, upon appropriate orders by the Court or through agreed upon entry of an

appropriate Stipulated Protective Order that unredacted versions are not disclosed publicly or to Vantive (or any other third party), Plaintiff will supplement the filings.

## III. CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court allow it to file the Exhibits Under Impoundment without making them publicly available. Further, Plaintiff requests that the Exhibits Under Impoundment remain under order of impoundment indefinitely or until further order of the Court.

Respectfully submitted,

FRESENIUS USA MANUFACTURING, INC.

By its attorneys,

***/s/ Jeffrey S. Siegel***

Jeffrey S. Siegel (BBO# 647148)
Sean P. O'Connor (BBO# 673835)
Robert Papandrea (BBO# 711504)
MORGAN, BROWN & JOY, LLP
28 State Street, 16th Floor
Boston, MA 02109
(617) 523-6666
(617) 367-3125 (fax)
jsiegel@morganbrown.com
soconnor@morganbrown.com
rpapandrea@morganbrown.com

Dated: August 5, 2026